## Case No. 6,406.

### The HERMAN.

### ROBERTS et al. v. The HERMAN.

[2 Adm. Rec. 322.]

Superior Court, S. D. Florida. Feb. 24, 1840.

SALVAGE—DAMAGE WHILE IN CHARGE OF SALVORS.

[For assisting in navigating a ship to port after she got inside the Florida Reefs, with rudder unshipped and rudder pintle and upper gudgeon broken, libelants awarded $800 as a salvage service, and no deduction allowed for striking upon a shoal while in libelants' charge, where they were free from negligence.]

[Cited in The Mount Washington, Case No. 9,887; The Calcutta, Id. 2,298; Curry v. The Lock Goil, Id. 3,495.]

[This was a libel in rem by Roberts and Bethel against the ship Herman for salvage.]

S. R. Mallory, for libelants.

Walker J. Smith, for respondent.

MARVIN, J. It appearing to the court from the allegations and proofs of the parties that the libelants have rendered valuable and meritorious services to the ship Herman, in assisting to navigate her to this port, after she had got inside the Florida Reefs, and had unshipped her rudder, broken the rudder pintle and upper gudgeon, and her safety otherwise endangered, as is alleged in the libel in this case; and it also appearing that the ship's striking upon the shoal of rocks, while in charge of the libelants, off Jacob's Harbor, as alleged by the respondent Captain Allen, was not the result of carelessness, unskilfulness or negligence on the part of the libelants, so that the compensation ought, either in law or equity, to be affected thereby, but was occasioned by what may, under the circumstances, fairly be termed an unavoidable accident; and it further appearing that the interests of commerce, and the safety of vessels navigating these dangerous seas, require the court to reward liberally services like these rendered to this ship, that they may be saved from greater loss: Therefore, it is ordered, adjudged and decreed that the sum of eight hundred dollars is a reasonable compensation to be allowed the libelants, and that upon the payment thereof to the marshal, with the costs and expenses of this suit, the said ship be discharged from the attachment, and restored to Captain Allen, for and on account of the owners thereof.

## Case No. 6,407.

### HERMAN v. HERMAN.

[4 Wash. C. C. 555.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1825.

AFFIDAVIT TO ANSWER — FOREIGN COUNTRY— BEFORE WHOM TAKEN.

Under an agreement of the solicitors, that an answer to be given in France may be taken and sworn to before any person authorised to administer oaths by the laws of France; the agreement is not complied with if the answer be sworn to before the American consul.

[Cited in Semmens v. Walters, 55 Wis. 681, 13 N. W. 889.]

The defendant resided in France, and the solicitor for the plaintiff consented that his answer might be taken and sworn to before a notary public, or other person authorized to administer an oath by the laws of France. The answer was taken by the American consul, and the question now was, whether it was properly taken and sworn to within the terms of the agreement.

Mr. Rawle, for plaintiff.

Mr. Duponceau, for defendant.

WASHINGTON, Circuit Justice. 1 Denisart, tit. "Consuls," p. 519, has been cited to prove that, by the French law, consuls are authorized to administer oaths. But it is quite obvious that the author, in the place referred to, is speaking of the power and duties of French consuls, residing in foreign countries; and not of foreign consuls residing in France.

It was contended, for the defendant, that the act of congress concerning consuls gives them a power to administer oaths. We think that it is not generally given by this act, but that it is confined to particular cases of a maritime or commercial character. But if the power were general, it would not remove the difficulty, the agreement being, that the answer should be taken by some person authorized to administer oaths by the law of France. But for this agreement, it must have been taken under a dedimus potestatem.

The answer was not allowed.

[The court refused to dismiss the bill filed in this case, because the complainant had omitted for three terms to proceed, unless one term's notice of the application to dismiss was given. Case No. 3,757.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]